IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBEFILL INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC. and ARGENTO SC BY SICURA, INC.,<br><br>Defendants. | Civil Action No. 22-1639-CFC |

## MEMORANDUM ORDER

Plaintiff Globefill Incorporated (Globefill) has sued Defendants The TJX Companies, Inc. (TJX) and Argento SC by Sicura, Inc. (Argento) for trade dress infringement, federal unfair competition, copyright infringement, and design patent infringement. D.I. 18. Pending before me is Defendants' Motion for Dismissal of Plaintiff's Complaint (D.I. 20). Defendants seek by their motion (1) dismissal of all claims against Argento for lack of personal jurisdiction, (2) dismissal of Globefill's patent claim against Argento for improper venue, and (3) dismissal of certain claims for failure to state a claim upon which relief can be granted. D.I. 20; D.I. 21 at 1–2.

When faced with such motions, courts typically tackle the personal jurisdiction inquiry first, before turning to the question of venue, and then, if

jurisdiction exists and venue is proper, to whether the complaint adequately pleads a cognizable claim. But "neither personal jurisdiction nor venue is fundamentally preliminary," and "when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). "One such justification is if the issue of venue itself is dispositive." *Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 477 (E.D. Pa. 2016) (internal quotation marks and citation omitted).

In this case, the issue of venue over Globefill's patent claim against Argento is likely dispositive. Argento is a New York corporation with its principal place of business in New York. D.I. 18 ¶ 5. It is undisputed that Argento does not own, rent, or maintain any offices, physical property, addresses, or bank accounts in Delaware and does not employ any Delaware-based employees, agents, or representatives. It is also undisputed that venue of Globefill's patent claim against Argento does not lie in this Court under the patent venue statute, 28 U.S.C. § 1400(b), which provides that a patent suit "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Globefill argues instead that its patent claim against Argento "is proper in this venue under the doctrine of pendent venue." D.I. 22 at 11. Pendent venue is

2

analogous to supplemental jurisdiction. Courts have exercised pendent venue to adjudicate "claims for which venue is lacking [that] share a sufficient nucleus of operative facts with at least one asserted claim for which venue is proper." *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 2018 WL 1457254, at *7 (W.D. Wash. Mar. 23, 2018) (citation omitted).

Neither the Supreme Court nor the Federal Circuit[1] has addressed whether pendent venue can or should be exercised to adjudicate patent claims. But in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258 (2017), a unanimous Supreme Court held that "§ 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c),'" the general venue statute. *Id.* at 266 (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)) (omissions in the original); *see also In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) ("If any statutory requirement is not satisfied, venue is improper under § 1400(b)."). Pendent venue of patent claims in my view runs counter to this holding and therefore I will not exercise any discretion I might have to entertain Globefill's patent claim against Argento. To my knowledge, my decision is consistent with the rulings of every

---

[1] "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018).

3

district court that has addressed the issue. *See Metuchen Pharms. LLC v. Empower Pharms. LLC*, 2018 WL 5669151, at *4 (D.N.J. Nov. 1, 2018) (collecting cases); *see also, e.g., Melinta Therapeutics, LLC v. Nexus Pharms., Inc.*, 2021 WL 5150157, at *5 (D.N.J. Nov. 5, 2021); *Therabody, Inc. v. Aduro Prods., LLC*, 2022 WL 3137716, at *2 (C.D. Cal. June 2, 2022); *NextEngine Inc. v. NextEngine, Inc.*, 2019 WL 79019, at *3 (S.D.N.Y. Jan. 2, 2019); *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, 2017 WL 4997838, at *7 (S.D.N.Y. Oct. 20, 2017); *Wet Sounds, Inc. v. PowerBass USA, Inc.*, 2018 WL 1811354, at *3 (S.D. Tex. Apr. 17, 2018); *Nat'l Prods.*, 2018 WL 1457254, at *7.[2]

If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Belden Techs., Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 272 (D. Del. 2010) ("A court may sua sponte cure jurisdictional and

---

[2] Globefill cites two non-binding cases in which district courts exercised pendent venue over patent claims. Both cases, however, are distinguishable because the parties in those cases had already stipulated that venue was proper to adjudicate other joined patent claims, and the district courts then exercised pendent venue to adjudicate the remaining patent claims. *See Bio-Rad Lab'ys, Inc. v. 10X Genomics, Inc.*, 2020 WL 2079422, at *4 (D. Mass. Apr. 30, 2020) ("In the present case, Bio-Rad and Harvard sued on infringement of multiple patents, two of which anchored venue to this district through a forum selection clause."); *Omega Patents, LLC v. CalAmp Corp.*, 2017 WL 4990654, at *4 (M.D. Fla. Sept. 22, 2017) ("The Supreme Court in *TC Heartland* established how venue is to be determined in these actions in the absence of a stipulation to venue accompanied by pendent venue.").

4

venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice.") (citations omitted). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district in which the action could originally have been brought, is the preferred remedy." *Best Med. Int'l, Inc. v. Elekta AB*, 2019 WL 3304686, at *2 (D. Del. July 23, 2019) (internal quotation marks and citation omitted; omission in the original). If transfer of the patent claim against Argento is preferable here, I also must determine whether I should transfer the case in its entirety to a more appropriate forum or to sever and transfer only Globefill's patent infringement claim against Argento.[3] *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994). I am strongly inclined to transfer the case in its entirety to a court that has jurisdiction and venue over all of Globefill's claims against all defendants. The parties, however, did not brief whether an alternative forum exists where there is jurisdiction and venue to adjudicate all claims against both defendants. Nor did they address whether transfer is appropriate.

---

[3] Defendants argue only that the Court lacks venue to adjudicate Globefill's patent claim against Argento. *See* D.I. 20 at 1. Defendants thus have forfeited any arguments that the Court lacks venue to adjudicate Globefill's design patent claim against TJX or the trademark, unfair competition, and copyright claims that Globefill has asserted against both defendants. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(1)(A).

5

NOW THEREFORE, at Wilmington this Seventeenth day of May in 2023, **IT IS HEREBY ORDERED** that:

1. On or before May 23, 2023, the parties shall meet and confer to see if they can agree to a transfer of this case to a court that can exercise jurisdiction and venue over all Globefill's claims against all defendants;

2. No later than May 24, 2023, the parties shall file with the Court a joint status report;

3. If the parties do not reach an agreement with respect to transfer as of May 24, Defendants shall file no later than May 30, 2023 a brief, not to exceed 2,500 words, addressing whether (a) a venue exists where all of Globefill's claims may be adjudicated and (b) if so, whether transferring this case in its entirety to that venue is appropriate. Plaintiffs shall file no later than June 6, 2023 an answering brief, not to exceed 2,500 words.

*Colm F. Connolly*
CHIEF JUDGE